UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**LORI COLLINS, a/k/a LORI BROWN-SNYDER, as guardian of BRITTANY SNYDER, a protected person**

      Plaintiff,                       CIVIL ACTION NO. 15-cv-13651

      v.                              DISTRICT JUDGE ARTHUR J. TARNOW

**PROGRESSIVE MICHIGAN INSURANCE COMPANY**       MAGISTRATE JUDGE MONA K. MAJZOUB

      **Defendant.**
_____/

## ORDER GRANTING MOTION TO QUASH [34]

This matter comes before the Court on Non-Party Arcadia Home Care and Staffing's Motion to Quash Subpoena Duces Tecum, filed November 25, 2016.[1] (Docket no. 34.) Defendant Progressive Michigan Insurance Company, which issued the subpoena, filed a Response (docket no. 38), and Arcadia filed a Reply (docket no. 40.) The Motion was referred to the undersigned for consideration. (Docket no. 36.) The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.    BACKGROUND**

This is an action for no-fault auto insurance benefits. Plaintiff Brittany Snyder sustained serious injuries following an accident on February 26, 2006. She contends that Defendant has

---

[1] Also pending before the Court are Defendant's Motion to Extend Scheduling Order (docket no. 25), and Plaintiff's Motion to Quash Subpoena #2 to Owen Perlman, M.D. (docket no. 27), which the undersigned will address at a later date.

unreasonably refused to pay or delayed making payments to Plaintiff for "reasonably necessary products, services and accommodations, for her care, recovery or rehabilitation," including "rent for accessible housing, modifications to accessible housing, guardian services, attendant care, and medical care," in violation of the Michigan No-Fault Insurance Act, M.C.L. §§ 500.3142 & .3148.  (Docket no. 1 at 3.)  Arcadia is one of Plaintiff's many healthcare providers, and has provided services to Plaintiff in Plaintiff's home.  (*See* docket no. 38-5, Home Health Certification and Plan of Care for Brittany Snyder.)

Defendant served a subpoena *ad testificandum* and *duces tecum* on non-party Deborah Hoffman, the lead Clinical Services Supervisor for Arcadia, on November 10, 2016. (Docket no. 34-1.)  Ms. Hoffman claims she has not provided any direct care to Plaintiff, but Ms. Hoffman has at least completed Plans of Care for Plaintiff.  (Docket no. 34 at 9; docket no. 38-5.)   The subpoena states that Ms. Hoffman's deposition would take place on November 30, 2016, and asks Ms. Hoffman to bring "[a]ny and all documents in your possession pertaining to captioned lawsuit."  (Docket no. 34-1 at 3.)

On November 25, 2016, Arcadia filed the instant Motion to Quash.  (Docket no. 34.) Arcadia contends that the subpoena violates the "privacy rule," of the Health Insurance Portability and Accountability Act of 1996, 45 C.F.R. § 164.512 ("HIPAA"), and furthermore, that the subpoena is vague and overbroad and imposes an undue burden on Ms. Hoffman and Arcadia, who are not parties to this action.

## II.     GOVERNING LAW & ANALYSIS

Federal Rule of Civil Procedure 45 governs subpoenas and provides that the court must, upon motion, quash or modify a subpoena if the subpoena fails to allow a reasonable time to comply, requires a non-party to travel more than 100 miles, requires disclosure of privileged or

protected materials, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45, and "allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense." *Systems Prods. & Solutions, Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014). Moreover, any order compelling production "must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance." Fed. R. Civ. P. 45(d)(2)(B)(ii).

HIPAA generally protects individuals' healthcare information from disclosure by their healthcare providers. 45 C.F.R. § 164.502(a). However, a covered healthcare provider may "disclose protected health information . . . [i]n response to a subpoena, discovery request, or other process," if:

> (A) The covered entity receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request . . . .

45 C.F.R. § 154.512(e)(1)(ii)(A). The rule further provides that:

> (iii) . . . a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:
>
> > (A) The party requesting such information has made a good faith attempt to provide written notice to the individual . . . ;
> >
> > (B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and
> >
> > (C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:
> >
> > > (1) No objections were filed; or

3

> (2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

*Id.* § 164.512(e)(iii).  Alternatively, the party seeking the information can seek a protective order from the court before serving the subpoena on the healthcare provider.  *Id.* § 164.512(e)(ii)(B).

Defendant served counsel for Plaintiff with a copy of the subpoena and invited Plaintiff's counsel to attend Ms. Hoffman's deposition, and Plaintiff's counsel has not objected to the subpoena.  Defendant argues this is sufficient to satisfy the demands of the HIPAA privacy rule.  (Docket no. 38 at 9–10.)  The Court disagrees, and concludes that Defendants have failed to comply with HIPAA.  Counsel for Plaintiff may have received notice of the subpoena, but, in the absence of a protective order, the rule specifically requires a "written notice," stating that the patient had "no objections" or that any objections had been resolved.  45 C.F.R. § 164.512(e)(iii).  Defendant did not provide Arcadia with such notice.  For this essentially procedural reason alone, the subpoena must be quashed.

Moreover, the Court agrees with Arcadia that the subpoena is overbroad and therefore creates an undue burden for Arcadia.  Defendant's request — "[a]ny and all documents in your possession pertaining to captioned lawsuit" — is not limited in any meaningful way.  Defendant argues in its Response that "the records maintained by Arcadia contain relevant and necessary information in this matter.  This includes information regarding Ms. Snyder's injuries, physical abilities, and need for care."  (Docket no. 38 at 11.)  This may be true, but in the subpoena Defendant does not give any examples of the kinds of documents it seeks, or whether it seeks general company information and policies or only records specifically pertaining to Plaintiff's care.

For these reasons, the Court will grant Arcadia's Motion to Quash.  (Docket no. 34.)

**IT IS THEREFORE ORDERED** that Non-Party Arcadia Home Care and Staffing's Motion to Quash Subpoena Duces Tecum [34] is **GRANTED**.

### NOTICE TO THE PARTIES

Pursuant to Federal Rule of Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).

Dated:  March 22, 2017               s/ Mona K. Majzoub
                                     MONA K. MAJZOUB
                                     UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated:  March 22, 2017               s/ Lisa C. Bartlett
                                     Case Manager

5