UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LORI COLLINS, a/k/a LORI
BROWN-SNYDER, as guardian of
BRITTNEY SNYDER, a protected
person,

      Plaintiff,                    CIVIL ACTION NO. 15-cv-13651

      v.                             DISTRICT JUDGE ARTHUR J. TARNOW

PROGRESSIVE MICHIGAN
INSURANCE COMPANY          MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION TO QUASH SUBPOENA #2 DIRECTED
TO OWEN PERLMAN, M.D. AND/OR FOR PROTECTIVE ORDER [27]**

This matter comes before the Court Plaintiff's Motion to Quash Subpoena #2 Directed to Owen Perlman, M.D. and/or for Protective Order Based on Fed. R. Civ. P. 26, 30 and 45. (Docket no. 27.)[1]  Defendant Progressive Michigan Insurance Company filed a Response. (Docket no. 29.)  The parties have also filed a Joint Statement of Resolved/Unresolved Issues Regarding Plaintiff's Motion.  (Docket no. 45.)  The Motion was referred to the undersigned for consideration.  (Docket no. 31.)  The Court has reviewed the pleadings and dispenses with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2).  The Court is now ready to rule pursuant to 28 U.S.C. § 636(b)(1)(A).

**I.**      **BACKGROUND**

---

[1] Also pending before the Court is Defendant's Motion for Second Adjournment of the Scheduling Order. (Docket no. 25.)  A scheduling conference is set to take place on April 5, 2017, to address the scheduling matters raised therein.  (*See* docket no. 47.)

This is an action for no-fault auto insurance benefits. Brittney Snyder[2] sustained serious injuries following an accident on February 26, 2006. Plaintiff contends that Defendant has unreasonably refused to pay or delayed making payments for "reasonably necessary products, services and accommodations, for her care, recovery or rehabilitation," including "rent for accessible housing, modifications to accessible housing, guardian services, attendant care, and medical care," in violation of the Michigan No-Fault Insurance Act, M.C.L. §§ 500.3142 & .3148. (Docket no. 1 at 3.) Defendant originally sued in Plaintiff in state court in Lenawee County, seeking a declaratory judgment regarding its obligation to pay for certain of Brittney's expenses. According to Plaintiff, in 2014, the parties agreed to dismiss the state court case and to allow Plaintiff to refile in federal court, which led to the filing of the instant case. (Docket no. 27 at 10–12.)

Dr. Owen Perlman, M.D., has been and continues to be Ms. Snyder's "principal treating physician." (Docket no. 27 at 2.) Dr. Perlman is "board-certified in physical medicine and rehabilitation." (*Id.*) Defendant first served a subpoena to Dr. Perlman in this federal court case on August 4, 2016, which scheduled his deposition for September 21, at 10:00 a.m.[3] Dr. Perlman was not available at that time, however, and returned the subpoena unexecuted for the stated reason that it "subjected [him] to undue burden." (Docket no. 17 at 11.) In response, Defendant filed a Motion to Show Cause (docket no. 17), and Plaintiff filed her first Motion to Quash the Dr. Perlman subpoena. (Docket no. 18.) On September 28, however, Defendant issued a new subpoena to Dr. Perlman, and both parties withdrew their pending motions pertaining to the first Perlman subpoena. (Docket nos. 23, 26.) This second subpoena required

---

[2] Plaintiff Lori Collins (AKA Lori Brown-Snyder), Brittney Snyder's mother, is prosecuting this case on Brittney's behalf.

[3] Dr. Perlman was deposed twice in the state court case, once at Defendant's request in February 2014 and once at Plaintiff's request in June 2014. (Docket no. 27 at 2–3.)

2

that Dr. Perlman appear for a deposition on October 17, 2016, at 5:00 p.m., at his office. (Docket no. 27-16.)

On October 17, Plaintiff filed the instant Motion to Quash. (Docket no. 27.) Plaintiff argues that Defendant's second subpoena should be quashed because it failed to state the method of recording in violation of Federal Rule of Civil Procedure 45(a)(1)(B), and because Defendant included a check for $15, which fails to meet the minimum fee set forth in 28 U.S.C. § 1821 and Federal Rule of Civil Procedure 45(b). Plaintiff also argues that because Dr. Perlman was deposed twice in the state court case, this would be Dr. Perlman's third deposition "in the case," such that Defendant was required to seek leave of court before issuing the subpoena pursuant to Federal Rule of Civil Procedure 30(a)(2)(A)(ii). Finally, Plaintiff argues that because the subpoena "may require him to cancel multiple patient appointments," it should be quashed because it poses an undue burden in violation of Federal Rule of Civil Procedure 45(d). (Docket no. 27 at 17.) As an alternative to quashing, Plaintiff requests a protective order "delineating the scope of Dr. Perlman's third deposition and establishing an expert witness fee." (Docket no. 27 at 4.)

In response to Plaintiff's Motion to Quash, Defendant issued a new subpoena to Plaintiff on October 20, 2016, which provides that the deposition would be recorded by "stenographic means by court reporter." (Docket no. 29-4.) Defendant also included a check for $40, the minimum amount required by 28 U.S.C. § 1821. This subpoena scheduled Dr. Perlman's deposition for November 7, 2016, at 5:00 p.m., at Dr. Perlman's office. (Docket no. 29-4 at 3.)

In their Joint Statement of Resolved/Unresolved Issues (docket no. 45), the parties indicate that they still disagree over whether Federal Rule of Civil Procedure 30(a)(2)(A)(ii) requires Defendant to seek leave of court before deposing Dr. Perlman in this case because he

3

was deposed twice in the state court case. Defendant also argues that Dr. Perlman is not entitled to an expert witness fee for his deposition.[4]

## II.   GOVERNING LAW & ANALYSIS

Federal Rule of Civil Procedure 45 governs subpoenas and provides that the court must, upon motion, quash or modify a subpoena if the subpoena fails to allow a reasonable time to comply, requires a non-party to travel more than 100 miles, requires disclosure of privileged or protected materials, or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Rule 26(b) defines the scope of discovery for a subpoena issued pursuant to Rule 45, and "allows a party to obtain discovery concerning any non-privileged matter that is relevant to any party's claim or defense." *Systems Prods. & Solutions, Inc. v. Scramlin*, No. 13-CV-14947, 2014 WL 3894385, at *9 (E.D. Mich. Aug. 8, 2014). Rule 26(c) also allows the court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 F. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing "clearly defined and serious injury resulting from the discovery sought and cannot rely on mere conclusory statements." *Id.* (citations and internal quotation marks omitted).

For the reasons stated below, the Court finds Plaintiff is not entitled to an order quashing Defendant's subpoena to Dr. Perlman, and has not shown good cause to justify the issuance of a protective order limiting the scope of Dr. Perlman's deposition or requiring Defendant to pay Dr. Perlman $700/hour, or any expert fee, for the deposition.

---

[4] Although the issuance of the latest subpoena on October 20, 2016, technically renders Plaintiff's Motion to Quash moot, the Court will address the issues as outlined in the parties' Joint Statement of Resolved/Unresolved Issues. (Docket no. 45.)

First, Defendant was not required by Rule 30(a)(2)(A)(ii) to seek leave from the Court before attempting to depose Dr. Perlman, because, while he may have been deposed in the state court case, he has not been deposed in this case. Fed. R. Civ. P. 30(a)(2)(A)(ii) (party must obtain leave of court "if the parties have not stipulated to the deposition and: . . . the deponent has already been deposed *in the case*." (emphasis added)). There is no indication that the parties agreed to limit discovery in this case when they agreed to allow Plaintiff to voluntarily dismiss her state court case and refile in federal court. Moreover, Dr. Perlman's state court depositions took place well over two years ago, and Dr. Perlman apparently continues to treat Ms. Snyder. Ms. Snyder's complaint is also not limited to damages incurred prior to the depositions taken of Dr. Perlman in the state court case. (*See* docket no. 1 at 3.)

Second, Plaintiff has not complied with Federal Rule of Civil Procedure 26(a)(2) regarding the disclosure of Dr. Perlman as an expert witness. The Rule requires:

> (2) *Disclosure of Expert Testimony*
>
>> (A) *In General*. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705.
>>
>> (B) *Witnesses Who Must Provide a Written Report*. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report—prepared and signed by the witness—if the witness is one retained or specially employed to provide expert testimony in the case . . . . The report must contain:
>>> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>>> (ii) the facts or data considered by the witness in forming them;
>>> (iii) any exhibits that will be used to summarize or support them;
>>> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>>> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>>> (vi) a statement of the compensation to be paid for the study and testimony in the case.

>    (C) *Witnesses Who Do Not Provide a Written Report.*  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
>    >    (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
>    >    (ii) a summary of the facts and opinions to which the witness is expected to testify.
>
>    (D) *Time to Disclose Expert Testimony.*  A party must make these disclosures at the times and in the sequence that the court orders.  Absent a stipulation or a court order, the disclosures must be made:
>    >    (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>    >    (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Fed. R. Civ. P. 26(a)(2).  In other words, if Plaintiff wishes to have Dr. Perlman testify as an expert, Dr. Perlman must either provide an expert report or a statement describing the "subject matter on which the witness is expected to present evidence under Federal Rule of Civil Procedure 702, 703, or 705" and a "summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2).

Plaintiff's Rule 26 disclosures list Dr. Perlman as a witness potentially having discoverable information, and state that the "subject" of his knowledge is "Brittney's care requirements, medical condition, and housing requirements."  (Docket no. 29-2 at 4.)  Dr. Perlman is included on Plaintiff's witness list, as "Owen Perlman, M.D. . . ., APM&R, 5333 McAuley Drive, Suite 2009, Ypsilanti, MI 48197."  (Docket no. 9 at 3.)  Later on her witness list, Plaintiff includes "Expert Witnesses including but not limited to those individuals identified in paragraph nos. 5 and 7-9."  (*Id.* at 6.)  Dr. Perlman is indeed listed in paragraph 5, which shows that Plaintiff has at least put Defendant on notice that Dr. Perlman may be called as an expert; however, there is no indication that Plaintiff has provided Defendant with an expert

report or summary required by Rule 26(a)(2)(B) and (C).  A trial date has not been set so the time for doing so has not yet expired, but Plaintiff's argument that Dr. Perlman must be deposed as an expert witness at this point in time is premature.

Finally, Plaintiff argues in her Motion that 5:00 p.m., the time at which Defendant scheduled the deposition to take place, subjects Dr. Perlman to an undue burden because it "may require him to cancel multiple patient appointments."  (Docket no. 27 at 17.)  The Court finds that 5:00 p.m. is a reasonable time to commence the deposition.  The Court will, however, order Defendant to reschedule Dr. Perlman's deposition for a mutually convenient date and time.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Quash Subpoena #2 Directed to Owen Perlman, M.D. and/or for Protective Order Based on Fed. R. Civ. P. 26, 30, and 45 [27] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant shall cause a new subpoena to be issued for Dr. Perlman's deposition, to take place within 60 days of entry of this order, at Dr. Perlman's office at a mutually convenient date and time (at or after 5:00 p.m.).

<u>**NOTICE TO THE PARTIES**</u>

Pursuant to Federal Rule of  Civil Procedure 72(a), the parties have a period of fourteen days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. § 636(b)(1).


Dated:  March 30, 2017		s/ Mona K. Majzoub
				MONA K. MAJZOUB
				UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

    I hereby certify that a copy of this Order was served upon Plaintiff and counsel of record on this date.

Dated:   March 30, 2017        s/ Lisa C. Bartlett
                                             Case Manager